■ In the Matter of KYMEL DAVEIGA, Petitioner, v CITY OF NEW YORK et al., Respondents. [869 NYS2d 510]—

The finding that petitioner violated respondent's policy, set forth in chapter I, rule XII, section C (21) of its personnel manual, prohibiting employees from "commit[ting] any . . . violation of the law either on or off duty or on or off the work site implicating their fitness or ability to perform their duties," is supported by substantial evidence (*see Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d 411, 417 [1991]), namely, petitioner's admission that he possessed marijuana with an intent to use it while on respondent's property. We reject petitioner's argument that this rule required respondent to show that his possession and intent to use marijuana resulted, or was likely to result, in a demonstrably deficient job performance. Under the rule, reasonably interpreted (*see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 429 [2007], *appeal dismissed* 10 NY3d 858 [2008]), it was enough to show that petitioner's possession and intent to use marijuana implicated his fitness, or suitability, for a supervisory position that is expected to promote respondent's efforts to provide a drug-free living environment for public housing residents, and its integrity in the eyes of other employees and residents. There is no evidence that, in reaching its determination, respondent, in violation of CPL 160.50, 170.56 (4) and Executive Law § 296 (16), relied on the sealed record of the criminal proceedings that were instituted against petitioner and dismissed. Having never requested the court's leave to conduct

disclosure pursuant to CPLR 408, petitioner cannot complain on appeal that he was not granted such leave. We have considered and rejected petitioner's other arguments. Concur— Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ.